**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006[*]
Decided September 28, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4022

| | |
|---|---|
| PETER N. FERNANDEZ, JR., *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 03 C 8097 |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | Ruben Castillo, *Judge.* |

**O R D E R**

Peter N. Fernandez, Jr., who was sentenced to a total of 60 months in prison on his convictions for mail fraud, theft from federally funded programs, and money laundering, *see United States v. Fernandez*, 282 F.3d 500 (7th Cir. 2002), moved to vacate his convictions under 28 U.S.C. § 2255, claiming that his trial and appellate lawyers rendered constitutionally deficient representation. In his motion Fernandez identified 18 purported shortcomings in the performance of counsel, each of which he designated as a separate "ground." The district court concluded that

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

each ground was either waived or without merit and summarily denied the motion. Fernandez appealed, and although we agreed with the district court's resolution of 11 of the 18 grounds, we vacated the judgment as to the remaining seven and instructed the court on remand to elaborate on its reasons for denying those grounds. *See Fernandez v. United States*, No. 04-1116, slip op., at 1-2 (7th Cir. May 28, 2004) (unpublished order). On remand the district court again denied Fernandez's § 2255 motion, this time in a memorandum order detailing the reasons for its decision. In short, the district judge, after reviewing an affidavit from the lawyer who represented Fernandez during Fernandez's trial and taking into account his own familiarity with the case as presiding judge, concluded that counsel "acted reasonably and effectively" and "did an effective job of challenging the evidence." Fernandez, who is now out of prison but still on supervised release, again appeals, and we affirm.

As we read his opening brief, Fernandez literally takes issue only with the government's failure on remand to file its opposition to his § 2255 motion within the deadline set by the district court. That contention is without merit, however, because the decision to accept the government's late submission was a matter within the discretion of the court. *See* Fed. R. Civ. P. 6(b)(2); *Horton v. United States*, 244 F.3d 546, 549 n.2 (7th Cir. 2001).

Fernandez, though, alludes to the subject matter of two of the grounds that we remanded—Grounds 2 and 8—and the government has construed his brief liberally as challenging the district court's resolution of those grounds. We do the same, but all other grounds not discussed in Fernandez's opening brief are waived. *See United States v. Kelley*, 446 F.3d 688, 692 (7th Cir. 2006) (stating that arguments raised for first time in reply brief are waived); *United States v. Duran*, 407 F.3d 828, 844 (7th Cir. 2005) (stating that arguments not raised in opening brief are waived). Grounds 2 and 8 overlap, and between them Fernandez essentially claims that trial counsel (he had three appointed lawyers in succession) were deficient in purportedly failing to object to references in the indictment to unnamed individuals, not succeeding in forcing disclosure of their identities, and failing to call particular witnesses at trial. He also claims that his appellate lawyers were deficient in refusing to argue on direct appeal that referring to unnamed individuals in the indictment violated his constitutional right "of confronting his accusers and complaining witnesses."

When reviewing a district court's decision to deny a § 2255 motion, we review the court's findings of fact for clear error and its rulings on issues of law *de novo*. *See Fuller v. United States*, 398 F.3d 644, 647-48 (7th Cir. 2005). Fernandez bears the burden of establishing that his attorneys' performance was deficient and that there is a reasonable probability that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Badelle v. Correll*,

452 F.3d 648, 661-62 (7th Cir. 2006) (discussing standard for ineffective-assistance claims directed at trial counsel); *Martin v. Evans*, 384 F.3d 848, 851-52 (7th Cir. 2004) (discussing standard for ineffective-assistance claims directed at appellate counsel).

We conclude that the district court properly denied Grounds 2 and 8. As Fernandez himself concedes in his § 2255 motion, trial counsel did object to the references in the indictment to unnamed individuals, and moved unsuccessfully for an order compelling disclosure of their identities. Thus trial counsel could not have been deficient on this front. And because Fernandez fails to explain why the district court was wrong in concluding that he did not demonstrate entitlement to disclosure, *see Roviaro v. United States*, 353 U.S. 53, 59-61 (1957); *United States v. Banks*, 405 F.3d 559, 564 (7th Cir. 2005), or how the court's ruling prejudiced him at trial, neither could his appellate lawyers have been deficient in not arguing about the indictment references on direct appeal, *see Martin*, 384 F.3d at 851-52 ("[C]ounsel is not required to raise every non-frivolous issue on appeal.") Moreover, Fernandez has never explained what additional testimony would have been provided by the witnesses he says trial counsel failed to call, so plainly he did not demonstrate prejudice from their absence. *See United States v. Farr*, 297 F.3d 651, 658-59 (7th Cir. 2002) (explaining that petitioner who claims trial counsel was deficient in failing to track down and interview witnesses must present sufficiently precise information as to nature and probable effect of evidence that would have been obtained had counsel undertaken desired investigation); *see also United States v. Woody*, 55 F.3d 1257, 1272 (7th Cir. 1995) ("Without a detailed explanation of the instances of his attorney's errors as well as their effect on the result, we cannot evaluate [defendant's] Sixth Amendment claim."); *United States v. Rodriguez*, 53 F.3d 1439, 1449 (7th Cir. 1995) ("[Appellant] has explained neither what [the witness's] responses to further cross-examination might have revealed nor how those responses might have affected the result. Accordingly, his ineffective assistance of counsel claim must fail.").

The judgment of the district court is AFFIRMED.